IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY VANNY, et al., | No. C 12-05752 SI |
| Plaintiffs, | **ORDER VACATING HEARINGS AND STAYING PROCEEDINGS** |
| v. | |
| BRISTOL-MYERS SQUIBB CO., et. al, | |
| Defendants. | |

The motion by plaintiffs to remand the case to state court is scheduled for a hearing on March 29, 2013.

Subsequent to a conditional transfer order by the Judicial Panel on Multidistrict Litigation ("MDL Panel"), for the transfer of this case to the MDL in New Jersey, defendants filed a motion to stay proceedings, which is scheduled for a hearing on April 4, 2013. Plaintiffs also have an unresolved motion to relate this case to a similar case before Judge Chen.

Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for April 4, 2013. For the reasons set forth below, the Court STAYS the proceedings until the pending conditional transfer matter is resolved by the MDL Panel or the motion to relate the cases is resolved by Judge Chen.

On November 5, 2012, plaintiffs filed this action in the Superior Court of California, County of San Francisco, alleging injuries caused by the use of the prescription drug Plavix. Three days later, defendants removed the case to this Court. Eight days later, plaintiffs moved to relate this case to a case before Judge Chen, *Caouette v. Bristol-Myers Squibb Co.*, 3:12-cv-01814-EMC (N.D. Cal.), and the ten other Plavix injury cases that had already been related to that case. Docket No. 8. On February 14,

2013, plaintiffs filed a motion to remand the case to state court. Docket No. 16.

On February 12, 2013, the MDL Panel in *In Re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (Plavix No. II)*, MDL No. 2418, consented to transfer the MDL litigation to Judge Wolfson in the New Jersey District Court for coordinated or consolidated pretrial proceedings. Deft.'s Mot. to Stay, Ex. B. On February 20, 2013, the MDL Panel conditionally transferred this case to the Plavix MDL in New Jersey. *Id.*, Ex. C. The conditional transfer order also allowed any party to object to the transfer within seven days of the entry of the order, and the transfer would be stayed pending resolution of the objection. *Id.* On February 26, 2013, plaintiffs filed an opposition to the conditional transfer. *See Plavix No. II*, MDL No. 2418, Docket No. 79; 83. Defendants' reply is due April 4, 2013. *Id.*

The Court has the discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005). In determining whether a stay is warranted, the Court is to examine the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *see also Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citing *Keating*, which involved a parallel criminal proceeding, and applying the factors in a parallel civil proceeding).

Here, the factors clearly weigh in favor of granting the stay. Although plaintiffs are opposed to the stay, it will not prejudice them because a remand motion can just as easily be presented to and decided by the transferee judge; either the MDL Panel transfers the case to the District of New Jersey and the motion to remand is decided there, or proceedings resume either in this Court or with Judge Chen. Furthermore, the stay will likely not last very long, as the briefing schedule has set for the conditional transfer matter, and so plaintiffs' case will still proceed expeditiously. Thus, the first factor weighs towards granting a stay. The burden to on defendant is obviously light, since they are the party that moved for the stay. Thus the second factor weighs in favor of granting the stay as well. The third

factor also weighs in favor of granting the stay, because conducting proceedings that may be mooted by a transfer of pretrial proceedings is a waste of judicial resources. Finally, although it is not readily apparent how persons not parties to this litigation, or the public at large, would be affected by staying these proceedings pending determination of the motion to dismiss the conditional transfer order, the efficient use of judicial resources is certainly not to their detriment. Therefore, with the first three factors weighing in favor of granting the stay and the last two factors neutral, the Court finds it reasonable to stay proceedings here until the MDL Panel or Judge Chen resolves the currently-pending motions to transfer or relate this case.

Contrary to plaintiffs' argument, there is no rule that the district court must first consider the jurisdictional issues raised in a motion to remand, as the MDL court or Judge Chen is capable of considering the jurisdictional issues after the case transferred or related. *See, e.g.*, *Aiken v. Bristol-Myers Squib Co.*, No. CV 12-05208 (N.D. Cal. March 14, 2013) (order granting motion to stay) (citing various cases in this and other jurisdictions where courts stayed actions pending a transfer to an MDL, including motions to remand). Moreover, the MDL Panel's initial concern with transfer is not the motion to remand, as plaintiffs have suggested, but an issue involving CAFA, which has since been resolved. *See id.* Therefore, there is no impediment to staying the case, and staying the case would promote judicial economy.

Accordingly, the Court VACATES the hearings set for March 22, 2013, and April 4, 2013, and STAYS the proceedings, pending the MDL Panel's determination of the motion to transfer or Judge Chen's resolution of the motion to relate cases. The parties are directed to inform the Court within seven days of the MDL Panel's resolution or Judge Chen's resolution. This resolves Docket Nos. 20, 22.

**IT IS SO ORDERED.**

Dated: March 25, 2013

SUSAN ILLSTON
United States District Judge

3